FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 SEP -7 AM 10: 19

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| CLAUDETTE O'NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 310-055 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R & R"), to which objections have been filed (doc. no. 19). The majority of Plaintiff's objections are primarily a reiteration of the arguments presented in her brief, namely that the ALJ's decision is not supported by substantial evidence. However, one point merits further discussion.

In the R & R, the Magistrate Judge determined that the Court could not consider evidence of the practice specialties of Dr. Julian Earls and Dr. Vasudev Kulkarni because that evidence was not included in the administrative record and was only attached as exhibits to Plaintiff's brief. (See doc. nos. 12-1, 12-2.) The R & R explained that consideration of this evidence pursuant to sentence four of 42 U.S.C. § 405(g) was foreclosed under established law, Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998), and that Plaintiff had not asserted that the evidence warranted remand pursuant to sentence six of § 405(g). (Doc. no. 17, pp. 5-7.) In her objections, Plaintiff argues for the first time that the Court could consider the

evidence as supporting a sentence six remand "where there is a reasonable possibility that the new material would change the administrative outcome." (Doc. no. 19, pp. 2-3.) The Court has discretion whether to consider an argument that was not first presented to the Magistrate Judge. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). The Court exercises this discretion and proceeds to consider Plaintiff's argument.

Sentence six provides the Court with the authority to remand a case to the Commissioner for consideration of new evidence submitted to the Court. Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1261 (11th Cir. 2007). Although Ingram distinguished the standard for remand pursuant to sentence four from the standard for remand pursuant to sentence six, the applicable standard for a sentence six remand remains the one set out in Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986): "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level." The Court need not analyze the first and second prongs because Plaintiff provides no explanation, much less "good cause," for why she failed to submit this evidence at the administrative level.

Plaintiff's objections are without merit and are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore the Commissioner's final decision is **AFFIRMED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the Commissioner.

SO ORDERED this 6th day of September, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE